UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-53-FDW

| | |
|---|---|
| ETHAN MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| FNU NUNEZ, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's letter dated August 3, 2016, in which he states that he has not complied with this Court's Order dated July 14, 2016, requiring Plaintiff to submit an administrative remedies statement because he "do[es] not want to pursue further actions." (Doc. No. 9 at 1). The Court construes the letter as a motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure.

Under Rule 41, Plaintiff could have filed a notice of dismissal without a court order. See FED. R. CIV. P. 41(a)(1)(A)(i) (stating that the plaintiff may take a voluntary dismissal without a court order "before the opposing party serves either an answer or a motion for summary judgment"). In any event, the Court will grant Plaintiff's motion for voluntary dismissal.

Plaintiff also states in his letter that he is "requesting to prop [sic?] the fil[ing] fee due to me not wanting to take further action with this case." (Doc. No. 9 at 1). To the extent that Plaintiff seeks a refund of the amount of money deducted from his prison trust account statement to pay his filing fee, Plaintiff is still required to pay the full filing fee even though this action is being dismissed. See 28 U.S.C. § 1915(b)(1) (stating that "if a prisoner brings a civil action or files an

1

appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee").

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Dismiss, (Doc. No. 9), is **GRANTED**, and this action is dismissed without prejudice.

2. The Clerk is instructed to terminate this action.

Frank D. Whitney
Chief United States District Judge